UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROY SASTROM, PRO SE, Plaintiff, | : |
| | : CASE NO. |
| V. | : |
| CONNECTICUT PSYCHAITRIC SECURITY REVIEW BAORD, Defendant, | : MAY 25, 2023 |
| | : |

## FEDERAL DECLARATORY JUDGMENT, PURSUANT TO TITLE 28 OF THE UNITED STATE CODE, SECTION 2201

1. The Plaintiff in this case, Roy Sastrom, is seeking declaratory relief, pursuant to the Federal Declaratory Judgments Act. Codified under Title 28 of the United States Code, section 2201.

2. The Federal Declaratory Judgments Act, provides that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

3. Roy Sastrom, is a client of the Connecticut Department of Mental Health & Addiction Services, confined pursuant to a civil commitment under the jurisdiction of the Connecticut Psychiatric Security Review Board, hereinafter, (PSRB).

1

4. The defendant, is the Connecticut (PSRB), an independent State Agency in charge of the oversight of persons found not guilty by reason of mental disease or defect on criminal charges in the Connecticut Superior Court.

5. The material facts of this case are as follows, and are sworn to under the penalty of perjury pursuant to Title 28 of the United States Code, Section 1746.

6. The Plaintiff was committed to the jurisdiction of the (PSRB), on July 11, 1994 by the Tolland County Superior Court in Rockville, Connecticut, for a period not to exceed 40 years.

7. The purpose of the Courts commitment of the Plaintiff to the jurisdiction of the (PSRB) was for oversight and "custody, Care and Treatment" of the Plaintiff who was acquitted by reason of mental disease or defect in a criminal matter.

8. In September, 1994, the (PSRB) held a hearing in accordance with the Connecticut General Statutes, "initial review of status" of the Plaintiff as an acquittee.

9. Subsequent to that hearing, the (PSRB) issued a memorandum of decision ordering the Plaintiffs' confinement for

treatment of psychiatric disabilities at the Whiting Forensic Hospital.

10. The (PSRB) held mandatory reviews of the Plaintiffs'' status thereafter, at least once every two years, and received periodic reports from Whiting Forensic Hospital on the Plaintiff's mental condition as required by the Connecticut General Statutes, section 17a-585 and 17a-586.

11. The Plaintiff was continuously confined by order of the (PSRB) for approximately fourteen years, and kept at the Whiting Forensic Hospital for "custody, care and treatment" of a psychiatric disability.

12. On May 31, 2008, the Plaintiff went AWOL from the Whiting Forensic Hospital while on a grounds pass unsupervised. During the Plaintiffs' absence from the hospital, the Plaintiff travelled to the State of Maine, and while returning to Connecticut, the Plaintiff committed an Armed Bank Robbery of the bank in Chelmsford, Massachusetts.

13. On June 3, 2008, the Plaintiff was arrested and charged with escape in connection with his AWOL from the Whiting Forensic Hospital.

14. The Plaintiff was arrested by the Bridgeport Police Department in Bridgeport, Connecticut.

15. Upon the Plaintiffs' arrest in Connecticut, the Defendant, (PSRB), failed to assert its jurisdiction or enforce its order of psychiatric confinement of the Plaintiff, and made no demand for custody of the Plaintiff. Consequently, the Plaintiff was jailed pending trial for escape.

16. The Plaintiff pled guilty a short time later to escape charges and was sentenced to 2 years in State Prison, Connecticut Department of Corrections.

17. At the time of the Plaintiff's guilty plea in the State of Connecticut Superior Court, there was no mention of the Plaintiffs' active insanity adjudication or any an examination to determine the Plaintiffs' mental competency to stand trial or enter a guilty plea.

18. In November of 2008, while the plaintiff was serving his 2 year State prison sentence, he was taken into temporary federal custody by Federal Writ of Habeas Corpus, Ad Prosequendum, and arraigned on a federal indictment for Armed Bank Robbery, and Felon in Possession of Ammunition.

19. The Plaintiff was arraigned in the Federal District Court in Boston, Massachusetts, and held in federal holdover pending trial.

20. In or about March of 2009, while the Plaintiff was in temporary federal custody, the then acting director of the defendant, (PSRB), Ellen Lachance, raised the question of jurisdiction of the Plaintiff, after he was sentenced in the Federal District Court in Boston, Massachusetts on the Federal Indictment.

21. In or about March of 2009, the Connecticut Attorney General's Office issued a written legal opinion, that was sent to Ellen LaChance, stating that the Plaintiff "must…" be returned to Connecticut to serve his active commitment under the Connecticut Psychiatric Review Board, and that the federal sentence for Armed Bank Robbery would have to be lodged as a detainer.

22. On June 23, 2009, the Plaintiff, waiving all procedural due process rights, pled guilty in the Federal District Court in Boston, Massachusetts.

23. Once again, during the Plaintiffs' guilty plea, there was no mention of the Plaintiffs' insanity adjudication in Connecticut, which is Court of Competent Jurisdiction.

24. On October 1, 2009, the Plaintiff was sentenced to serve 15years in Federal Prison.

25. In spite of the federal pre-sentence reports' mentioning that the Plaintiff had escape from Connecticut Valley Hospital, whiting forensic, where the Plaintiff was held after having been found not guilty by reason of insanity, the court proceeded with sentencing, making no mention of the relevant facts of the State of Connecticut's' active adjudication of insanity.

26. In June of 2009, prior to the Plaintiff's sentencing hearing in federal court, Ellen LaChance, communicated with the United States Attorney for Connecticut, and contrary to the Connecticut Attorney Generals legal opinion regarding primary jurisdiction of the Plaintiff, she wrote, **…AT SENTENCING WE SINCERELY HOPE THAT MR. SASTROM WILL BE TRANSFERRED TO SERVE HIS FEDERAL TIME FIRST."**

27. Consequently, the Plaintiff was not returned from federal custody, even though he was on loan from the State

of Connecticut, to the Federal Government, pursuant to Federal Writ of Habeas Corpus, ad Prosequendum.

28. Instead, in March of 2010, the Plaintiff was designated by the Federal Bureau of Prisons, to serve his federal sentence at the United States Penitentiary-Canaan, in Waymart, Pennsylvania, where the Plaintiff was delivered on or about March 29, 2010.

29. In a correspondence dated April 7, 2010, Mrs. LaChance, lodged a detainer with the Federal Bureau of Prisons against the Plaintiff.

30. The entire time that the Plaintiff was in federal prison, the defendant, (PSRB), made no inquiries regarding the Plaintiff, they failed to hold hearing that are statutorily required at least once every two years, and the defendant didn't receive, nor did they request, periodic reports on the Plaintiffs' mental condition, that is also statutorily required.

31. In June of 2022, approximately 3 months prior to the completion of the Plaintiffs' federal sentence, the defendant, (PSRB), called their first hearing in 14 years.

32. The Plaintiff was allowed to appear virtually at the hearing held by the defendant, (PSRB), from the United State Penitentiary-Tucson, in Arizona.

33. In August of 2022, the defendant, (PSRB), issued its first Memorandum of Decision in 14 years in regards to the Plaintiff.

34. In the defendants' (PSRB), Memorandum of Decision, it was determined that the Plaintiff was mentally ill and dangerous to the extent that he should be confined in a Connecticut Psychiatric Hospital, and that Plaintiff was "so dangerous" that he required confinement under conditions of maximum-security, and the Plaintiff was ordered to be confined immediately upon his discharge from federal prison.

35. The Plaintiff was transferred to a federal facility in Danbury, Connecticut, one day prior to the expiration of his federal sentence.

36. On September 27, 2022, the Plaintiff was taken into State custody at the Danbury Federal Correctional Facility by the Connecticut Department of Mental Health and Addiction Services, Agency Police Department, and delivered in

8

mechanical restraints, to the Whiting Forensic Hospital, in Middletown, Connecticut.

37. The Plaintiff remains confined at that facility at the time of the filing of this action.

38. The Plaintiff is requesting declaratory relief asking this Honorable Court to declare that the defendant, (PSRB); Forfeited their primary jurisdiction of the Plaintiff, when they failed to assert and demand custody of the Plaintiff in accordance with their own order of psychiatric confinement entered on or about December 4, 2007, and instead requested and allowed the Plaintiff to be federally incarcerated for more than 12 years.

39. That it was made abundantly clear to the defendant, (PSRB), by the Connecticut Attorney General, that the Plaintiff "must" be returned to Connecticut to serve his outstanding commitment under the jurisdiction of the defendant, (PSRB), and that the federal sentence would have to lodged as a detainer by the United State Marshal.

40. That the Defendant, (PSRB), has no right, and no legal jurisdiction or custody of the Plaintiff, and has falsely imprisoned him in a psychiatric hospital, after neglecting

their Superior Court ordered oversight, and waiving their primary jurisdiction of the Plaintiff.

41. The Defendant, (PSRB), deprived the Plaintiff of procedural due process for more than 12 years, those protections being Statutorily required by the Connecticut General Statutes, Sections 17a-585 and 17a-586.

42. That the Plaintiff is illegally confined, and should be immediately released from the Defendant, (PSRB), custody and jurisdiction.

43. Signed this 25th day of May, 2023, under the penalty of perjury, title 28 United States Code, Section 1746.

Roy Sastrom

*/s/ Roy Sastrom*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



ROY SASTROM, PRO SE,
Plaintiff,

:

: CASE NO.

V.

:

CONNECTICUT PSYCHAITRIC
SECURITY REVIEW BAORD,
Defendant,

: MAY 25, 2023

:

## FEDERAL DECLARATORY JUDGMENT, PURSUANT TO TITLE 28 OF THE UNITED STATE CODE, SECTION 2201

1. The Plaintiff in this case, Roy Sastrom, is seeking declaratory relief, pursuant to the Federal Declaratory Judgments Act. Codified under Title 28 of the United States Code, section 2201.

2. The Federal Declaratory Judgments Act, provides that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

3. Roy Sastrom, is a client of the Connecticut Department of Mental Health & Addiction Services, confined pursuant to a civil commitment under the jurisdiction of the Connecticut Psychiatric Security Review Board, hereinafter, (PSRB).

1

4. The defendant, is the Connecticut (PSRB), an independent State Agency in charge of the oversight of persons found not guilty by reason of mental disease or defect on criminal charges in the Connecticut Superior Court.

5. The material facts of this case are as follows, and are sworn to under the penalty of perjury pursuant to Title 28 of the United States Code, Section 1746.

6. The Plaintiff was committed to the jurisdiction of the (PSRB), on July 11, 1994 by the Tolland County Superior Court in Rockville, Connecticut, for a period not to exceed 40 years.

7. The purpose of the Courts commitment of the Plaintiff to the jurisdiction of the (PSRB) was for oversight and "custody, Care and Treatment" of the Plaintiff who was acquitted by reason of mental disease or defect in a criminal matter.

8. In September, 1994, the (PSRB) held a hearing in accordance with the Connecticut General Statutes, "initial review of status" of the Plaintiff as an acquittee.

9. Subsequent to that hearing, the (PSRB) issued a memorandum of decision ordering the Plaintiffs' confinement for

treatment of psychiatric disabilities at the Whiting Forensic Hospital.

10. The (PSRB) held mandatory reviews of the Plaintiffs'' status thereafter, at least once every two years, and received periodic reports from Whiting Forensic Hospital on the Plaintiff's mental condition as required by the Connecticut General Statutes, section 17a-585 and 17a-586.

11. The Plaintiff was continuously confined by order of the (PSRB) for approximately fourteen years, and kept at the Whiting Forensic Hospital for "custody, care and treatment" of a psychiatric disability.

12. On May 31, 2008, the Plaintiff went AWOL from the Whiting Forensic Hospital while on a grounds pass unsupervised. During the Plaintiffs' absence from the hospital, the Plaintiff travelled to the State of Maine, and while returning to Connecticut, the Plaintiff committed an Armed Bank Robbery of the bank in Chelmsford, Massachusetts.

13. On June 3, 2008, the Plaintiff was arrested and charged with escape in connection with his AWOL from the Whiting Forensic Hospital.

14. The Plaintiff was arrested by the Bridgeport Police Department in Bridgeport, Connecticut.

15. Upon the Plaintiffs' arrest in Connecticut, the Defendant, (PSRB), failed to assert its jurisdiction or enforce its order of psychiatric confinement of the Plaintiff, and made no demand for custody of the Plaintiff. Consequently, the Plaintiff was jailed pending trial for escape.

16. The Plaintiff pled guilty a short time later to escape charges and was sentenced to 2 years in State Prison, Connecticut Department of Corrections.

17. At the time of the Plaintiff's guilty plea in the State of Connecticut Superior Court, there was no mention of the Plaintiffs' active insanity adjudication or any an examination to determine the Plaintiffs' mental competency to stand trial or enter a guilty plea.

18. In November of 2008, while the plaintiff was serving his 2 year State prison sentence, he was taken into temporary federal custody by Federal Writ of Habeas Corpus, Ad Prosequendum, and arraigned on a federal indictment for Armed Bank Robbery, and Felon in Possession of Ammunition.

4

19. The Plaintiff was arraigned in the Federal District Court in Boston, Massachusetts, and held in federal holdover pending trial.

20. In or about March of 2009, while the Plaintiff was in temporary federal custody, the then acting director of the defendant, (PSRB), Ellen Lachance, raised the question of jurisdiction of the Plaintiff, after he was sentenced in the Federal District Court in Boston, Massachusetts on the Federal Indictment.

21. In or about March of 2009, the Connecticut Attorney General's Office issued a written legal opinion, that was sent to Ellen LaChance, stating that the Plaintiff "must…" be returned to Connecticut to serve his active commitment under the Connecticut Psychiatric Review Board, and that the federal sentence for Armed Bank Robbery would have to be lodged as a detainer.

22. On June 23, 2009, the Plaintiff, waiving all procedural due process rights, pled guilty in the Federal District Court in Boston, Massachusetts.

5

23. Once again, during the Plaintiffs' guilty plea, there was no mention of the Plaintiffs' insanity adjudication in Connecticut, which is Court of Competent Jurisdiction.

24. On October 1, 2009, the Plaintiff was sentenced to serve 15years in Federal Prison.

25. In spite of the federal pre-sentence reports' mentioning that the Plaintiff had escape from Connecticut Valley Hospital, whiting forensic, where the Plaintiff was held after having been found not guilty by reason of insanity, the court proceeded with sentencing, making no mention of the relevant facts of the State of Connecticut's' active adjudication of insanity.

26. In June of 2009, prior to the Plaintiff's sentencing hearing in federal court, Ellen LaChance, communicated with the United States Attorney for Connecticut, and contrary to the Connecticut Attorney Generals legal opinion regarding primary jurisdiction of the Plaintiff, she wrote, **…AT SENTENCING WE SINCERELY HOPE THAT MR. SASTROM WILL BE TRANSFERRED TO SERVE HIS FEDERAL TIME FIRST."**

27. Consequently, the Plaintiff was not returned from federal custody, even though he was on loan from the State

6

of Connecticut, to the Federal Government, pursuant to Federal Writ of Habeas Corpus, ad Prosequendum.

28. Instead, in March of 2010, the Plaintiff was designated by the Federal Bureau of Prisons, to serve his federal sentence at the United States Penitentiary-Canaan, in Waymart, Pennsylvania, where the Plaintiff was delivered on or about March 29, 2010.

29. In a correspondence dated April 7, 2010, Mrs. LaChance, lodged a detainer with the Federal Bureau of Prisons against the Plaintiff.

30. The entire time that the Plaintiff was in federal prison, the defendant, (PSRB), made no inquiries regarding the Plaintiff, they failed to hold hearing that are statutorily required at least once every two years, and the defendant didn't receive, nor did they request, periodic reports on the Plaintiffs' mental condition, that is also statutorily required.

31. In June of 2022, approximately 3 months prior to the completion of the Plaintiffs' federal sentence, the defendant, (PSRB), called their first hearing in 14 years.

7

32. The Plaintiff was allowed to appear virtually at the hearing held by the defendant, (PSRB), from the United State Penitentiary-Tucson, in Arizona.

33. In August of 2022, the defendant, (PSRB), issued its first Memorandum of Decision in 14 years in regards to the Plaintiff.

34. In the defendants' (PSRB), Memorandum of Decision, it was determined that the Plaintiff was mentally ill and dangerous to the extent that he should be confined in a Connecticut Psychiatric Hospital, and that Plaintiff was "so dangerous" that he required confinement under conditions of maximum-security, and the Plaintiff was ordered to be confined immediately upon his discharge from federal prison.

35. The Plaintiff was transferred to a federal facility in Danbury, Connecticut, one day prior to the expiration of his federal sentence.

36. On September 27, 2022, the Plaintiff was taken into State custody at the Danbury Federal Correctional Facility by the Connecticut Department of Mental Health and Addiction Services, Agency Police Department, and delivered in

mechanical restraints, to the Whiting Forensic Hospital, in Middletown, Connecticut.

37. The Plaintiff remains confined at that facility at the time of the filing of this action.

38. The Plaintiff is requesting declaratory relief asking this Honorable Court to declare that the defendant, (PSRB); Forfeited their primary jurisdiction of the Plaintiff, when they failed to assert and demand custody of the Plaintiff in accordance with their own order of psychiatric confinement entered on or about December 4, 2007, and instead requested and allowed the Plaintiff to be federally incarcerated for more than 12 years.

39. That it was made abundantly clear to the defendant, (PSRB), by the Connecticut Attorney General, that the Plaintiff "must" be returned to Connecticut to serve his outstanding commitment under the jurisdiction of the defendant, (PSRB), and that the federal sentence would have to lodged as a detainer by the United State Marshal.

40. That the Defendant, (PSRB), has no right, and no legal jurisdiction or custody of the Plaintiff, and has falsely imprisoned him in a psychiatric hospital, after neglecting

9

their Superior Court ordered oversight, and waiving their primary jurisdiction of the Plaintiff.

41. The Defendant, (PSRB), deprived the Plaintiff of procedural due process for more than 12 years, those protections being Statutorily required by the Connecticut General Statutes, Sections 17a-585 and 17a-586.

42. That the Plaintiff is illegally confined, and should be immediately released from the Defendant, (PSRB), custody and jurisdiction.

43. Signed this 25th day of May, 2023, under the penalty of perjury, title 28 United States Code, Section 1746.

Roy Sastrom

*Roy Sastrom* (signature)